IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE W., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.  ADC-21-306 |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

On February 5, 2021, Plaintiff George W. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Defendant"), final decision to deny his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 15, 18) on November 11, 2021 and March 4, 2022, respectively.[1] Plaintiff responded in opposition. ECF No. 19. After considering the parties' motions and response thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED, and the SSA's decision is AFFIRMED.

### **PROCEDURAL HISTORY**

On May 31, 2018, Plaintiff filed a Title XVI application for SSI. ECF No. 12-3 at 15. The alleged onset date is May 31, 2018. *Id.* Plaintiff's claim was denied initially on October 12, 2018

---

[1] On April 7, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF Nos. 3, 4.

1

and upon reconsideration on May 1, 2019. *Id.* Subsequently, Plaintiff filed a written request for a hearing, and on June 9, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On June 23, 2020, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 31. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on December 8, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On February 5, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*,

2

667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically

3

determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c)(1). At this second stage, the ALJ must consider all of the available evidence, including the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [a claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then he is not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot perform other work, he is disabled.

## **ALJ DETERMINATION**

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since May 31, 2018, the application date. ECF No. 12-3 at

17. At step two, the ALJ found that Plaintiff had the following severe impairments: asthma, obesity, bipolar disorder, depressive disorder, and anxiety disorder. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 19.

> The ALJ then determined that Plaintiff had the RFC:
>
> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of tolerating frequent exposure to irritants such as fumes, odors, dusts, gases and poorly ventilated areas, but never is capable of tolerating exposure to hazards or climbing of ladders, ropes or scaffolds. The claimant retains the mental capacity to perform jobs consisting of unskilled, routine and repetitive tasks involving only simple work related decisions. The claimant is able to tolerate occasional changes in the routine work setting and occasional interaction with supervisors and coworkers, but never to perform tandem work or to tolerate interaction with the public. Time off task during the workday can be accommodated by normal breaks, which means that the claimant is able to sustain concentration and attention for at least two (2) hours at a time.

*Id.* at 22. At step four, the ALJ found that Plaintiff had no past relevant work. *Id.* at 29. Finally, at step five, the ALJ concluded that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," considering his age, education, work experience, and RFC. *Id.* at 30. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.*

## DISCUSSION

Plaintiff's sole argument on appeal is that the ALJ's decision ran afoul of *Mascio* because he failed to impose an RFC restriction to address Plaintiff's moderate limitation in maintaining concentration, persistence, or pace. ECF No. 15-1 at 11. The ALJ instead only concluded that Plaintiff was limited to "unskilled, routine and repetitive tasks" and that he could sustain concentration and attention for at least two hours at a time. *Id.* at 11, 14 (citing to the record). In response, Defendant contends that the ALJ addressed Plaintiff's mental functioning in great detail,

limited Plaintiff's RFC accordingly, and explained why the record supported Plaintiff's ability to perform the work activities identified in the RFC. ECF No. 18-1 at 8. For the reasons that follow, I find Defendant's argument compelling.

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

The United States Court of Appeals for the Fourth Circuit concluded that remand is proper where the ALJ failed to explain why a Plaintiff's "moderate limitation in concentration, persistence, or pace" did not translate into a limitation in Plaintiff's RFC. *Mascio*, 780 F.3d at 638. "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for [Plaintiff's] limitation in concentration, persistence, or pace." *Id.* "Pursuant to *Mascio*, once an ALJ has made a step three finding that [Plaintiff] suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo v. Comm'r, Soc. Sec.*, No. ELH-14-2214, 2015 WL 2395108, at *3 (D.Md. May 19, 2015), *report and recommendation adopted* (D.Md. June 5, 2015).

7

However, it is not a "categorical rule" that the ALJ must always account for a moderate limitation in maintaining concentration, persistence, or pace in an RFC; instead, the ALJ must only address the limitation in the RFC or provide an explanation for omitting it. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit explained that the ALJ at issue, unlike in *Mascio*, addressed the plaintiff's disability, "including her moderate limitations in concentration, persistence, or pace," and explained why evidence of the record supported the specific identified limitation. *Id.* at 122. The ALJ's finding with regard to the plaintiff's mental limitation and her RFC were thus "sufficiently explained and supported by substantial evidence in the record." *Id.* The Fourth Circuit in *Sizemore v. Berryhill* similarly found that remand was not required under *Mascio* because the ALJ's decision that a plaintiff with moderate difficulties with regard to concentration, persistence, or pace could perform simple tasks was supported by doctors' opinions in the record. 878 F.3d 72, 80–81 (4th Cir. 2017).

Here, I agree with Defendant that the ALJ in the present case provided an explanation that was missing in *Mascio* but demonstrated in its *Shinaberry* progeny. *See Mascio*, 780 F.3d at 638 (remanding the case "because the ALJ . . . gave no explanation" for why the plaintiff's moderate limitation in concentration, persistence, or pace did not translate into an RFC limitation). The ALJ's determination of Plaintiff's RFC appears to contain two limitations that accommodate for Plaintiff's moderate limitation in maintaining concentration, persistence, or pace: (1) he limited Plaintiff to "jobs consisting of unskilled, routine and repetitive tasks," and (2) he concluded that that Plaintiff could "sustain concentration and attention for at least [two] hours at a time," and thus time off task could be accommodated by normal breaks. ECF No. 12-3 at 22. The ALJ offered more to account for Plaintiff's moderate limitation in maintaining concentration, persistence, or pace in his RFC than merely a limitation to unskilled, routine tasks without explanation. His

8

narrative discussion included references to the record explaining how Plaintiff's mental health limitations, like his moderate limitation in maintaining concentration, persistence, or pace, translated to an RFC limitation. *See* ECF No. 12-3 at 22–27. The discussion identified Plaintiff's improvement with medication and periodic therapy; his ability to perform as an "average student" and graduate high school; his ability to complete orientation and work for a period of time with Amazon; his IQ and academic achievement testing results showing average ability in all domains, including concentration; his daily activities; and records identifying intact concentration and memory dating from May 5, 2017 to April 2019. ECF No. 12-3 at 23–27. The ALJ then explained that the above discussion "supports [Plaintiff's] ability to perform work activities within the [RFC] assigned."[2] *Id.* at 27. The ALJ cited to evidence in the record to support why no greater limitation was needed to account for Plaintiff's moderate limitation. *See Talmo*, 2015 WL 2395108, at *3. Accordingly, I "[am] satisfied that the ALJ built 'an accurate and logical bridge from the evidence to [the] conclusion.'" *See Shinaberry*, 952 F.3d at 123 (quoting *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017)).

## CONCLUSION

The Court thus concludes that the ALJ properly evaluated the evidence on record and provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g),

---

[2] Plaintiff contends that he is dissimilar from the plaintiff in *Shinaberry* who had a "lifelong intellectual disability" and demonstrated an ability to "maintain such gainful activity despite his mental limitations." ECF No. 19 at 4–5. While the plaintiff's individual disability and work history were certainly relevant to the Fourth Circuit's *Shinaberry* analysis, the rule of *Mascio* is clear: the ALJ's RFC determination must account for Plaintiff's moderate limitation in concentration, persistence, or pace, unless he can explain why the limitation does not translate into an RFC limitation. *Mascio*, 780 F.3d at 638; *Talmo*, 2015 WL 2395108, at *3. As I explain above, the ALJ did so here.

9

Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED, and the decision of the SSA is AFFIRMED.

Date: 12 April 2022

A. David Copperthite
United States Magistrate Judge